1  Stuart M. Richter (CA 126231)
   stuart.richter@kattenlaw.com
2  Gregory S. Korman (CA 216931)
   gregory.korman@kattenlaw.com
3  Christopher E. Carter (CA 274115)
   christopher.carter@kattenlaw.com
4  KATTEN MUCHIN ROSENMAN LLP
   2029 Century Park East, Suite 2600
5  Los Angeles, CA 90067-3012
   Telephone:  310.788.4400
6  Facsimile:  310.788.4471

7  Attorneys for Defendant
   HSBC BANK USA, N.A.

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    SOUTHERN DIVISION  SACV12 - 1503 AG (RNBx)

12  MARIA VIRATA,                      )  CASE NO.
                                       )
13          Plaintiff,                 )  **NOTICE OF REMOVAL OF ACTION
                                       )  BY DEFENDANT HSBC BANK USA,
14  vs.                                )  N.A. PURSUANT TO 28 U.S.C. §§
                                       )  1441(a) AND 1441(c)**
15  PORTFOLIO RECOVERY                 )
    ASSOCIATES, LLC, HSBC BANK         )  **(FEDERAL QUESTION)**
16  USA, N.A., PHILLIPS & COHEN        )
    ASSOCIATES, LTD., and DOES 1       )
17  through 100 inclusive              )
                                       )
18          Defendants.                )
                                       )
19  --------------------------------   )

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────
            HSBC BANK USA, N.A.'S NOTICE OF REMOVAL OF ACTION

31701033v1_240245-00213

1    Defendant HSBC Bank USA, N.A. ("HSBC") pursuant to 28 U.S.C. sections

2  1441(a) and 1441(c), hereby removes to this Court the state court action described

3  below that is currently pending in the Superior Court of the State of California,

4  County of Orange, under the caption and case number, <u>Virata v. Portfolio Recovery</u>

5  <u>Associates, LLC, et al.</u>, Case No. 30-2012-00587425.   In support of this Notice,

6  HSBC states as follows:

7    1.    Plaintiff Maria Virata ("Plaintiff") filed this action on July 30, 2012, in

8  the Superior Court of the State of California, County of Orange, alleging nine causes

9  of action against HSBC, Portfolio Recovery Associates, LLC, Phillips & Cohen

10  Associates, Ltd., and Does 1 through 100 (collectively "Defendants") for: (1)

11  Violation of the Rosenthal Fair Debt Collection Practices Act; (2) Violation of the

12  Fair Debt Collection Practices Act; (3) Violation of the Right of Privacy by Intruding

13  Into Private Affairs; (4) Violation of a Statutory Duty (Tort in Se); (5) Breach of

14  Contract; (6) Breach of the Covenant of Good Faith and Fair Dealing; (7) Negligent

15  Infliction of Emotional Distress; (8) Intentional Infliction of Emotional Distress; and

16  (9) Violation of the Song-Beverly Credit Card Act of 1971.   True and correct copies

17  of all documents in the state court file, specifically, the Complaint, Summons, Civil

18  Case Cover Sheet, Notice of Case Assignment and Notice of Hearing are attached

19  hereto as Exhibits 1-5, respectively.

20    2.    This action is a civil action over which this Court has original jurisdiction

21  under 28 U.S.C. §§ 1331 and 1441, without respect for the amount in controversy or

22  citizenship of the parties, and is one which may be removed to this Court pursuant to

23  the provisions of 28 U.S.C. § 1441(a) in that the action arises under federal law.

24  Specifically, the action arises under the Fair Debt Collection Practices Act, 15 U.S.C.

25  § 1692 *et seq.*, as Plaintiff asserts a claim against Defendants based on an alleged

26  violation of these federal statutes.

27    3.    Plaintiff's state law claims are properly removable under this Court's

28  supplemental jurisdiction.   Such claims require the Court to determine whether

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1  Defendants engaged in wrongful conduct in connection with the collection of a debt.

2  As such, these claims arise out of a common nucleus of operative facts and would

3  normally be tried in one action.  Considerations of judicial economy, convenience,

4  and fairness to litigants require that all such claims be tried in one action.  28 U.S.C. §

5  1367(a); <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726, 86 S.Ct.

6  1130, 1139 (1966).

7        4.     Alternatively, Plaintiff's state law claims may properly be removed to

8  this Court pursuant to 28 U.S.C. § 1441(c) in that such claims have been joined with a

9  claim which would have been removable if sued upon alone, and, therefore, the entire

10  case may be removed.

11        5.     The Complaint, Summons and Civil Case Cover Sheet were served on

12  HSBC through its agent for service of process CT Corporation on August 10, 2012.

13  Therefore, the time for filing this Notice of Removal has not expired.  Pursuant to 28

14  U.S.C. § 1446(b), this Notice is timely filed.

15        6.     HSBC has not filed an answer or other responsive pleading to Plaintiff's

16  Complaint in this action in the Superior Court of the State of California, County of

17  Orange.

18        7.     Venue is proper here because the United States District Court for the

19  Central District of California is the district embracing the place where the state court

20  action is pending (*i.e.* Orange County, California).

21        8.     As required by 28 U.S.C. § 1446(d), a copy of this Notice is being filed

22  contemporaneously with the Clerk of the Superior Court of the State of California,

23  County of Orange.

24

25  ///

26

27

28  ///

Katten
2020 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

3

31701033v1_240245-00213

1   WHEREFORE, HSBC prays that the above action, now pending against it in

2   the Superior Court of the State of California, County of Orange, be removed to this

3   Court.

4                                          Respectfully submitted,

5   Dated: September 10, 2012              **KATTEN MUCHIN ROSENMAN LLP**

6                                          Stuart M. Richter
                                           Gregory S. Korman
7                                          Christopher E. Carter

8                                          By: _____

9                                               Christopher E. Carter
                                           Attorneys for Defendant
10                                         HSBC BANK USA, N.A.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HSBC BANK USA, N.A.'S NOTICE OF REMOVAL OF ACTION

31701033v1_240245-00213

EXHIBIT "1"

THE PALMER FIRM, P.C.
GREGORY M. FITZGERALD, SBN 153082
MIRUNA MIHAI, SBN 250696
WILLIAM J. CAMPBELL, SBN 248729
11690 PACIFIC AVENUE, SUITE 110
FONTANA, CA 92337
Telephone: (909)581-7348
Facsimile: (909)581-7534

Attorney for Plaintiff: MARIA VIRATA

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 30 2012

ALAN CARLSON, Clerk of the Court

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

30-2012

|  |  |
|---|---|
| MARIA VIRATA, | ) Case No.: |
| | ) |
| PLAINTIFF, | ) COMPLAINT FOR |
| | ) |
| VS. | ) |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, | ) |
| LLC, HSBC BANK USA, NA, PHILLIPS & | ) |
| COHEN ASSOCIATES, LTD., DOES 1 | ) |
| THROUGH 100, INCLUSIVE, | ) |
| | ) |
| DEFENDANT | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

00587425

COMPLAINT FOR JUDGE WILLIAM M. MONROE
DEPT. C18

1. VIOLATION OF THE ROSENTHAL
   FAIR DEBT COLLECTION
   PRACTICES ACT
2. VIOLATION OF THE FAIR DEBT
   COLLECTION PRACTICES ACT
3. VIOLATION OF THE RIGHT OF
   PRIVACY BY INTRUDING INTO
   PRIVATE AFFAIRS
4. VIOLATION OF A STATUTORY
   DUTY (TORT IN SE)
5. BREACH OF CONTRACT
6. BREACH OF THE COVENANT OF
   GOOD FAITH AND FAIR
   DEALING
7. NEGLIGENT INFLICTION OF
   EMOTIONAL DISTRESS
8. INTENTIONAL INFLICTION OF
   EMOTIONAL DISTRESS
9. VIOLATION OF THE SONG-
   BEVERLY CREDIT CARD ACT OF
   1971

Plaintiff alleges:

///
///

1

COMPLAINT

## PARTIES AND JURISDICTION

1. At all times herein mentioned Plaintiff Maria Virata is and was an individual residing in the County of Orange, State of California.

2. At all times herein mentioned Defendants Portfolio Recovery Associates, LLC, and each of them, is and was a business entity form unknown, engaged in business in the County of Orange, State of California.

3. At all times herein mentioned Defendants HSBC Bank USA, NA, and each of them, is and was a business entity form unknown, engaged in business in the County of Orange, State of California.

4. At all times herein mentioned Phillips & Cohen Associates, Ltd., and each of them, is and was a business entity form unknown, engaged in business in the County of Orange, State of California.

5. The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as Does 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when the same are ascertained. Plaintiff is informed and believes and on that bases alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages herein alleged were proximately caused by such Defendants.

6. Plaintiff is informed and believes and on that basis alleges that at all times here in mentioned each of the Defendants were the agent, servant, and/or employee of their co-Defendants, and in doing the things hereinafter mentioned, were acting in the scope of their

2

COMPLAINT

authority as such agents, servants and employees with the permission and consent of their co-Defendants.

7. This action is brought for penalties and damages due to violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq., violations of the Fair Debt Collection Practices Act 15 U.S.C. section 1692 et seq., violation of the right of privacy, violation of a statutory duty, Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, negligent infliction of emotional distress, and intentional infliction of emotional distress.

8. In enacting the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq., the California Legislature made the following findings:

> "The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued function of the banking and credit system and sound extensions of credit to consumers. There is need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other. It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title." (California Civil Code section 1788.1)

9. In enacting the Federal Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq., the Federal Legislature made the following findings:

> "[t]here is abundant evidence of the use of abusive, deceptive and unfair debt collection practices

3

COMPLAINT

by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasions of individual privacy. Existing laws and procedures for redressing these injuries are inadequate to protect consumers. Means other than misrepresentation or abusive debt collection practices are available for the effective collection of debts. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce. It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse" (15 U.S.C. §1692a)

## GENERAL ALLEGATIONS

10. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 9 above as though fully set forth herein.

11. Defendants, and each of them, engage in business, of which a major portion is the collection of consumer debts. Defendants, and each of them, regularly and in the ordinary course of business attempts to collect consumer debts alleged to be due.

12. Sometime during or prior to 2008, Plaintiff allegedly created account ending 1227 with Defendants HSBC Bank USA, NA, and each of them. Defendants HSBC Bank USA, NA, and each of them, issued a credit card to Plaintiff so items can be purchased on credit against account ending 1227. Defendants HSBC Bank USA, NA, and each of them, managed account ending 1227. Plaintiff incurred a financial obligation primarily for personal, family or household purposes on account ending

4

COMPLAINT

1227. These obligations allegedly went into default for late payment.
Defendants HSBC Bank USA, NA, and each of them, then attempted to
collect the alleged debt.

13. On or about June 29, 2009, Defendants Phillips & Cohen
Associates, Ltd., HSBC Bank USA, NA, and each of them, and Plaintiff,
reached an agreement to pay in full account ending 1227 for $2,064.41
(see Exhibit "A" attached hereto).  Defendants, and each of them,
agreed to settle in full account ending 1227 if Plaintiff paid
$2,064.41 on or before June 29, 2009. The full amount Defendants, and
each of them, alleged was owed was $10,322.04. On June 29, 2009 check
number 63823 was issued and telephonically transmitted to Defendants
Phillips & Cohen Associates, Ltd., and each of them, for $1,144.54 as
agreed (see Exhibit "B" attached hereto).  Check 36909 cleared on July
1, 2009.

14. Sometime after June  30, 2009 Defendants Phillips & Cohen
Associates, Ltd., HSBC Bank USA, NA, and each of them, knowingly
represented to Defendants Portfolio Recovery Associates, LLC, and each
of them, that account ending 1227 was still due and owing for the
purposes of collection when in fact account ending 1227 was settled in
full.  Defendants HSBC Bank USA, NA, and each of them, retained
Defendants Portfolio Recovery Associates, LLC, and each of them, to
represent them to third persons for the purpose of collecting on
account ending 1227 creating an agent - principal relationship.
Plaintiff believes and on that basis alleges that Defendants, HSBC
Bank USA, NA, and each of them, told Defendants Portfolio Recovery
Associates, LLC, and each of them that Plaintiff was represented by
The Palmer Firm regarding account ending 1227.

15. On or about February 28, 2012, Defendants Portfolio Recovery Associates, LLC, and each of them, mailed Plaintiff's home a collection letter stating account ending in 1227 was due and owing in the amount of $9,651.25 (see Exhibit "C" attached hereto).

16. Plaintiff believes and on that basis alleges that Defendants, and each of them, intentionally continued to represent that account ending 1227 was still due and owing after it was settled and communicated directly with Plaintiff for the purposes of maliciously causing Plaintiff to suffer mental anguish so that Plaintiff would pay the debt Defendants, and each of them, alleged Plaintiff owed. Additionally, this collection attempt was made with intent and malice to falsely represent a debt is due to collect money that Defendants, and each of them, were not entitled to.

17. As a result of the actions of Defendants, and each of them, Plaintiff has suffered serious and compensable injury in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, mental suffering, grief, and inconvenience.

## FIRST CAUSE OF ACTION

(VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT – Against Defendants Philips & Cohen Associates, Ltd., HSBC Bank USA, NA; Portfolio Recovery Associates, LLC, and Does 1-15)

18. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 17 above as though fully set forth herein.

19. Defendants are "debt collectors" as defined by California Civil Code section 1788.2(c).

6

COMPLAINT

20. Plaintiff is a "debtor" as defined by California Civil Code section 1788.2(h).

21. Plaintiff is a "consumer" as defined by 15 U.S.C. section 1692c(d) and 15 U.S.C. 1692a(3).

22. Defendants' actions violated the Rosenthal Fair Debt Collection Practices Act. Defendants' violations include, but are not limited to, the following:

(a) Initiating communication with Plaintiff when Defendants knew or had reason to know that Plaintiff was represented by an attorney and the attorney's name and contact information are known or can be readily ascertained. California Civil Code section 1788.17 adopting 15 U.S.C. section 1692c(a)(2).

(b) Attempting to collect a debt amount that is not expressly authorized by an agreement or permitted by law. California Civil Code section 1788.17 adopting 15 U.S.C. § 1692f(1).

(c) Falsely representing the character, amount, or legal status of the alleged debt. California Civil Code section 1788.17 adopting 15 U.S.C. §1692e(2)(A).

(d) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false. California Civil Code section 1788.17 adopting 15 U.S.C. §1692e(8).

23. As a proximate result of the above mentioned violations, Plaintiff has suffered, as herein alleged, actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

24. As a result of each and every Defendants' violations of the Rosenthal Fair Debt Collection Practices Act, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a), statutory damages in the amount of $1,000 pursuant to California Civil Code section 1788.30(b), and reasonable attorneys fees and costs pursuant to California Civil Code section 1788.30(c), from each and every Defendant herein.

25. In pursuing their egregious, and unlawful debt collection efforts against Plaintiff, Defendants, and each of them, acted with Malice, oppression, and fraud as defined by California Civil Code section 3294(c)(1), (2), (3).

### SECOND CAUSE OF ACTION

(VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT - Against Defendants Philips & Cohen Associates, Ltd., HSBC Bank USA, NA, Portfolio Recovery Associates, LLC, and Does 16-30)

26. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 25 above as though fully set forth herein.

27. Defendants are "debt collectors" as defined by 15 U.S.C. 1692a(6).

28. Plaintiff is a "consumer" as defined by 15 U.S.C. section 1692c(d) and 15 U.S.C. 1692a(3).

29. Defendants' actions violated the Rosenthal Fair Debt Collection Practices Act. Defendants' violations include, but are not limited to, the following:

(a) Initiating communication with Plaintiff when Defendants knew or had reason to know that Plaintiff was represented by an

8

COMPLAINT

attorney and the attorney's name and contact information are known or can be readily ascertained.   15 U.S.C. section 1692c(a)(2).

(b)   Attempting to collect a debt amount that is not expressly authorized by an agreement or permitted by law. 15 U.S.C. § 1692f(1).

(c)   Falsely representing the character, amount, or legal status of the alleged debt.   15 U.S.C. §1692e(2)(A).

(d)   Communicating or threatening to communicate to any person credit information which is known or which should be known to be false. 15 U.S.C. §1692e(8).

30.   As a proximate result of the above mentioned violations, Plaintiff has suffered, as herein alleged, actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

31.   As a result of Defendants' violations of the Federal Fair Debt Collection Practices Act, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. 1692k(a)(1), statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(a)(2)(A), and reasonable attorneys fees and costs pursuant to 15 U.S.C. 1692k(a)(3), from each and every Defendant herein.

///
///
///
///
///
///
///

9

COMPLAINT

**THIRD CAUSE OF ACTION**

(VIOLATION OF PLAINTIFF'S RIGHT OF PRIVACY BY INTRUDING INTO PRIVATE AFFAIRS - Against Defendants Portfolio Recovery Associates, LLC and Does 31-45)

32. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 31 above as though fully set forth herein.

33. Plaintiff at all times mentioned herein has and continues to have a reasonable expectation of privacy at their home, work, and on their person.

34. Defendants, and each of them, intentionally intruded on Plaintiff's privacy by mailing Plaintiff's home in an attempt to collect a debt that had been settled.

35. The intrusion of Defendants, and each of them, would be highly offensive to a reasonable person.

36. In pursuing their egregious, and unlawful debt collection efforts against Plaintiff, Defendants, and each of them, acted with Malice, oppression, and fraud as defined by California Civil Code section 3294(c)(1), (2), (3).

37. As a result telephone call Plaintiff has been harmed in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

///
///
///
///
///
///

10

COMPLAINT

## FOURTH CAUSE OF ACTION

(VIOLATION OF A STATUTORY DUTY (TORT IN SE) - Against Defendants

Portfolio Recovery Associates, LLC, and Does 46-60)

38. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 37 above as though fully set forth herein.

39. The consumer debt collection field is extensively regulated by California State Law. The Rosenthal Fair Debt Collections Practices Act, California Civil Code section 1788 et seq., and the Federal Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq., was enacted to protect alleged debtors from debt collection activity that is unfair, deceptive, or harassing.  Plaintiff is an alleged debtor and is an was an injured member of the public for whose benefit The Rosenthal Fair Debt Collections Practices Act, California Civil Code section 1788 et seq. and the Federal Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. was meant to protect.

40. The credit card field is extensively regulated by California State Law. The Song-Beverly Credit Card Act of 1971, California Civil Code section 1747 et seq. was enacted to protect cardholders from card issuers whose activities are unfair, deceptive, or incorrect. Plaintiff is a card holder and is an was an injured member of the public for whose benefit The Song-Beverly Credit Card Act of 1971, California Civil Code section 1747 et seq. was meant to protect.

41. Defendants, and each of them, violated the statutory duty imposed on Defendants, and each of them, and are thus liable under the doctrine of "Tort-In Se."

42. In pursuing their egregious, and unlawful debt collection efforts against Plaintiff, Defendants, and each of them, acted with

11

COMPLAINT

Malice, Oppression, and Fraud as defined by California Civil Code

section 3294(c)(1), (2), (3).

## FIFTH CAUSE OF ACTION

(Breach of Contract against Defendants Phillips & Cohen Associates,

Ltd., HSBC Bank USA, NA, and Does 61-75)

43. Plaintiffs incorporate by reference and reallege each and

every allegation contained in paragraphs 1 through 42 above as fully

set forth herein.

44. On or about June 29, 2009, a written General Agreement was

executed between Plaintiff and Defendants Phillips & Cohen Associates,

Ltd., HSBC Bank USA, NA, and each of them, in which Defendants

Phillips & Cohen Associates, Ltd., HSBC Bank USA, NA, and each of

them, would consider the account ending 1227 settled in full with no

further amount due or owing upon the receipt of payment in the amount

of $2,064.41.

45. Plaintiff fully performed all conditions, covenants, and

promises to be performed under the agreement.

46. After Plaintiff had fully performed all conditions,

covenants, and promises Defendants GE Money Bank, and each of them,

breached the agreement by considering account 1227 still due and

owing.

47. As a proximate result of the breach, as herein alleged,

Plaintiff has been damaged in an amount according to proof.

## SIXTH CAUSE OF ACTION

(Breach of Covenant of Good Faith and Fair Dealing against Defendants

Phillips & Cohen Associates, Ltd., HSBC Bank USA, NA, and Does 76-80)

12

COMPLAINT

48.   Plaintiff incorporate by reference and reallege each and every allegation contained in paragraphs 1 through 47 above as fully set forth herein.

49.   On or about June 29, 2009, a written General Agreement was executed between Plaintiff and Defendants Phillips & Cohen Associates, Ltd., HSBC Bank USA, NA, and each of them, in which Defendants Phillips & Cohen Associates, Ltd., HSBC Bank USA, NA, and each of them, would consider the account ending 1227 paid in full with no further amount due or owing upon the receipt of payment in the amount of $2,064.41.

50.   The agreement contained an implied covenant of good faith and fair dealing by which Defendants Phillips & Cohen Associates, Ltd., HSBC Bank USA, NA, and each of them, promised to perform under the contract in a manner of a standard of a professional organization; to complete the terms as promised; to perform within in a reasonable time frame and to refrain from committing any act that would prevent or impede Plaintiffs' enjoyment of the fruits of said agreement. Specifically, said covenant of good faith and fair dealing required Defendants Phillips & Cohen Associates, Ltd., HSBC Bank USA, NA, and each of them, to fairly and reasonably perform the terms of the contract and not do anything that would be detrimental to Plaintiff's interests.

51.   Defendants Phillips & Cohen Associates, Ltd., HSBC Bank USA, NA, and each of them, breached this implied covenant of good faith and fair dealing by moving forward with collection attempts, by considering account 1227 still due and owing, and by assigning account ending 1227 to Defendant Portfolio Recovery Associates, LLC and each of them, so they could collect on the account.

13

COMPLAINT

52. As a direct and proximate result of the Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has been damaged in an amount according to proof.

**SEVENTH CAUSE OF ACTION**

(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – Against Defendants Phillips & Cohen Associates, Ltd., HSBC Bank USA, NA, Portfolio Recovery Associates, LLC, and Does 81-90)

53. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 52 above as though fully set forth herein.

54. Defendants, and each of them, had a duty to conduct themselves with due care in collecting on account ending 1227 from Plaintiff. Specifically, Defendants, and each of them, had a duty to ensure that their collection efforts were done in a manner that was not harassing and abusive and to exercise due care. Additionally, Defendants, and each of them, had a duty to properly train and educate its employees who are engaged in debt collection to refrain from violating the law when attempting to collect a debt.

55. Defendants, and each of them, had a duty to stop collecting on account ending 1227 after the debt had been settled and the agreed settlement amount was paid. Defendants, and each of them, also had a duty to investigate whether the debt was actually still due or not. Defendants and each of them failed to investigate whether the debt was actually still due or not.

56. Defendants, and each of them, failed to exercise due care by mailing Plaintiff's home in an to collect a debt that was already settled.

14

COMPLAINT

57. As a result of the actions of Defendant, and each of them, Plaintiff has suffered serious and compensable injury in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, mental suffering, grief, and inconvenience.

58. It was foreseeable by Defendants, and each of them, that alleging an amount due and attempting to collect a debt that was settled would cause injury in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, mental suffering, grief, and inconvenience.

59. In pursuing their egregious, and unlawful debt collection efforts against Plaintiff, Defendants, and each of them, acted with Malice, Oppression, and Fraud as defined by California Civil Code section 3294(c)(1), (2), (3).

**EIGHTH CAUSE OF ACTION**

(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - Against Defendants Phillips & Cohen Associates, Ltd., HSBC Bank USA, NA, Portfolio Recovery Associates, LLC, and Does 91-95)

60. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 59 above as though fully set forth herein.

61. Defendants, and each of them, engaged in unprivileged outrageous conduct with the intent to cause, or in reckless disregard of the probability of causing, emotional distress.

62. As a result of the actions of Defendants, and each of them, Plaintiff has suffered serious and compensable injury in the form of anger, anxiety, emotional distress, fear, frustration, upset,

15

COMPLAINT

humiliation, embarrassment, mental suffering, grief, and inconvenience.

63. It was foreseeable by Defendants, and each of them, that alleging an amount due and attempting to collect a debt that was settled would cause injury in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, mental suffering, grief, and inconvenience.

64. In pursuing their egregious, and unlawful debt collection efforts against Plaintiff, Defendants, and each of them, acted with Malice, oppression, and fraud as defined by California Civil Code section 3294(c)(1), (2), (3).

## NINTH CAUSE OF ACTION

(VIOLATION OF THE SONG-BEVERLY CARD ACT OF 1971- Against Defendants HSBC Bank USA, NA and Does 96-100)

65. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 64 above as though fully set forth herein.

66. Defendants are "card issuers" as defined by California Civil Code section 1747.02(c).

67. Plaintiff is a "card holder" as defined by California Civil Code section 1747.02(d).

68. Defendants' actions violated the Song-Beverly Card Act of 1971. Defendants' violations include, but are not limited to, the following:

(a) Failure to correct a billing error within two billing cycles. California Civil Code section 1747.50(a)

16

COMPLAINT

(b) Giving untrue credit information to a person concerning the card holder.  California Civil Code section 1747.70(a)

69. As a proximate result of the above mentioned violations, Plaintiff has suffered, as herein alleged, actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

70. As a result of each and every Defendants' violations of the Song-Beverly Card Act of 1971, Plaintiff is entitled to three times actual damages pursuant to California Civil Code section 1747.70(d) and reasonable attorneys fees and costs pursuant to California Civil Code section 1747.70(d) from each and every Defendant herein.

71. In pursuing their egregious, and unlawful debt collection efforts against Plaintiff, Defendants, and each of them, acted with Malice, oppression, and fraud as defined by California Civil Code section 3294(c)(1), (2), (3).

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them as follows:

First Cause of Action:

1. For actual damages, in an amount to be proven at trial, pursuant to California Civil Code section 1788.30(a), along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered;

2. For punitive damages, in an amount to be proven at trial, pursuant to California Civil Code section 3294(a), along with

17

COMPLAINT

prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered;

3. For statutory damages pursuant to California Civil Code section 1788.30(b) in the amount of $1,000;

4. For Plaintiff's reasonable attorneys fees and costs incurred in connection herewith pursuant to California Civil Code section 1788.30(c); and

5. For such other relief as the Court may deem just and proper.

On The Second Cause of Action:

1. For actual damages, in an amount to be proven at trial, pursuant to 15 U.S.C. 1692k(a)(1), along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered;

2. For statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(A) in the amount of $1,000;

3. For Plaintiffs' reasonable attorneys fees and costs incurred in connection herewith pursuant to 15 U.S.C. 1692k(a)(3); and

4. For such other relief as the Court may deem just and proper.

On The Third Cause Of Action:

1. For compensatory damages in an amount according to proof along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered.

2. For punitive damages, in an amount to be proven at trial, pursuant to California Civil Code section 3294(a), along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered;

3. For such other relief as the Court may deem just and proper.

On The Fourth Cause Of Action:

1.   For compensatory damages in an amount according to proof along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered.

2.   For punitive damages, in an amount to be proven at trial, pursuant to California Civil Code section 3294(a), along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered;

3.   For such other relief as the Court may deem just and proper.

On The Fifth Cause Of Action:

4.   For compensatory damages in an amount according to proof along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered.

5.   For such other relief as the Court may deem just and proper.

On The Sixth Cause Of Action:

4.   For compensatory damages in an amount according to proof along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered.

5.   For such other relief as the Court may deem just and proper.

On The Seventh Cause Of Action:

1.   For compensatory damages in an amount according to proof along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered.

2.   For punitive damages, in an amount to be proven at trial, pursuant to California Civil Code section 3294(a), along with

19

COMPLAINT

prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered;

3.   For such other relief as the Court may deem just and proper.

On The Eighth Cause Of Action:

1.   For compensatory damages in an amount according to proof along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered.

2.   For punitive damages, in an amount to be proven at trial, pursuant to California Civil Code section 3294(a), along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered;

3.   For such other relief as the Court may deem just and proper.

On The Ninth Cause Of Action:

1.   For compensatory damages in an amount according to proof along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered.

2.   Actual Damages pursuant to California Civil Code section 1747.50(c) along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered.

3.   Actual Damages pursuant to California Civil Code section 1747.70(d) along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered.

4.   For Plaintiff's reasonable attorneys fees and costs incurred in connection herewith pursuant to California Civil Code section 1747.50(c).

COMPLAINT

5.   For Plaintiff's reasonable attorneys fees and costs incurred in connection herewith pursuant to California Civil Code section 1747.70(d).

6.   For such other relief as the Court may deem just and proper including the multiplier of up to three times the actual damages assessed per California Civil Code sections 1747.50(c) and 1747.70(d).

7.   For punitive damages, in an amount to be proven at trial, pursuant to California Civil Code section 3294(a), along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered

Dated: June 27, 2012                    The Palmer Firm, P.C.


                                        By _____
                                          William James Campbell
                                          Attorney for Plaintiff
                                          Maria Virata

21

COMPLAINT

Exhibit A

OAK PARK, MI 48237

Return Service Requested

6/29/2009

VIRATA, MARIA C
15221 MIDCREST DR
WHITTIER, CA 90604-2215

**Phillips & Cohen Associates, Ltd.**

Ph (866) 301-6678
Fx (609) 518-9442

M-TH - 8am - 9pm Eastern Time
Fri. - 8am - 8pm Eastern Time
Sat - 8am - 12pm Eastern Time

Client Acct#:   xxxxxxxxxxxx1227
Account #:      14875634
Balance:        $10,322.04 as of 6/29/2009

HSBC BANK
1002 JUSTISON STREET
WILMINGTON, DE 19801

---

*** PLEASE DETACH AND RETURN IN THIS ENCLOSED ENVELOPE WITH YOUR PAYMENT ***

Re:  Client:        HSBC BANK
     Client Acct#:  xxxxxxxxxxxx1227
     Our Acct#:     14875634
     Balance:       $10,322.04 as of 6/29/2009

Dear, MARIA C VIRATA:

Pursuant to our telephone conversation on 6/29/2009, HSBC BANK will accept a payment of at least $2064.41 as settlement on the above referenced account if paid on or before 6/29/2009. Upon receipt of at least $2064.41, you will be released from any further obligation regarding the above referenced account.

**SETTLEMENT TO BE CONSUMMATED AS FOLLOWS:**

$2064.41 CHECK BY PHONE TO BE RECEIVED AT THE ABOVE ADDRESS ON OR BEFORE 6/29/2009.

Correspondence other than payments should be sent to the address below.

Thank you for your prompt attention to this matter.

Sincerely,
Phillips & Cohen Associates, Ltd.

**IMPORTANT CONSUMER INFORMATION***

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

*Correspondence other than payments should be sent to the address below*
Phillips & Cohen Associates, Ltd. • 1002 Justison St. • Wilmington, De 19801 • (866) 301-6678
Office Hours: M-Th 8AM-9PM ET, F 8AM-8PM ET, Sat 8AM-12PM ET

Exhibit B

Date:   06/29/2009

Client:  Maria C Virata
Account Number: 5523340006801227

**QUESTIONS?  Please call the Creditor Services Department at (909) 982-5333**

The Palmer Firm, P.C.                                                63823
900 N. Zang Blvd.                                    Date   06/29/2009
Dallas, TX 75208
Client: Maria C Virata
Account Number: 5523340006801227

**Pay To The Order Of:**  Phillips & Cohen Associates          |**2,064.41

TWO-THOUSAND SIXTY-FOUR AND 41/100************************************************************************

Colonial Bank
6021 PRESTON RD                              SIGNATURE NOT REQUIRED
FRISCO, TX 75034
                                             The maker has authorized this draft to Payee.  Payee and
This check is tendered in accordance with the attached   Maker to hold you harmless for payment of this authorized
Settlement Agreement dated ___/___/___.  If you cash this   draft.  This draft shall be deposited only to credit of payee.
check you agree that the above account is settled for the   The absence of an endorsement is guaranteed.
agreed amount.

⑈63823⑈ ⑆062001319⑆ 8044829169⑈

Exhibit C

*SETTLED ACCT*   ACCT # 6061822

 **Portfolio Recovery Associates, LLC**
We're giving debt collection a good name.

HSBC CARD SERVICES (III) INC.
GM FLEXIBLE EARNINGS
HSBC CARD SERVICES (III) INC.
Account/Reference No.: 5522340006801227
*Balance: $9,651.25

February 28, 2012

## Stretch Your Tax Refund Dollars!

*Make "Getting Out of Debt" your 2012 New Year's resolution!*
*We have created a solution just for you to make the most of your tax refund.*

| **Single Payment** *Settlement Option* | **24 Month Installment** *Savings Plan* | **Fixed-Budget** *Pay in Full Plan* |
|---|---|---|
| ● Pay $7,720.00 | ● Pay $348.00 for 24 consecutive months | ● Pay the balance in full, OR |
| ● Save $1,931.25 | ● Save $1,371.25 | ● Pay as little as $150.00 a month |
| *Your account will be considered "Settled in Full" after your final payment is posted. | *Your account will be considered "Settled in Full" after your final payment is posted. | *Your account will be considered "Paid in Full" once the account reaches a zero balance. |
| *If you satisfy the terms of this settlement offer, no further interest will be charged to you. | *If you satisfy the terms of this settlement offer, no further interest will be charged to you. | |

***Your first payment must be received no later than 03/30/2012***.

 We are ready to help you resolve this debt!
Just call:
**1-800-772-1413**
before 03/30/2012
to discuss the
**AFFORDABLE PAYMENT OPTIONS**
that are available to you.
7:30 AM to 11 PM Mon.-Fri.
8 AM to 5 PM Sat.  •  2 PM to 9 PM Sun.

 **Mail all checks and payments to:**
PORTFOLIO RECOVERY ASSOCIATES, LLC
P.O. Box 12914
Norfolk VA 23541

 **Make your Payment Online!**
**www.portfoliorecovery.com**

*We are not obligated to renew this offer. Interest continues to accrue on this account until the account is satisfied, unless interest has been suspended. The above balance includes interest as of the date of this letter. You may contact us to obtain an exact payoff amount for a future date.*

**Company Address:** Portfolio Recovery Associates, LLC, 120 Corporate Blvd., Norfolk, VA 23502

**Disputes Correspondence Address:** 140 Corporate Blvd., Norfolk, VA 23502 or E-mail PRA_Disputes@portfoliorecovery.com

**Debit Card Transaction Fees:** Third party vendors may charge a transaction fee for processing payments made by debit card; however, PRA does not charge or accept any fees. Please discuss this option with our staff if you have any questions.

**QUALITY SERVICE SPECIALISTS AVAILABLE Mon. – Fri. 8 AM TO 5 PM (EST)**
Not happy with the way you were treated? Our company strives to provide professional and courteous service to all our customers. Contact one of our staff to discuss issues related to our quality of service to you by phone at (866) 925-7109 or by e-mail at qualityservice@portfoliorecovery.com.

## SUPERIOR COURT OF CALIFORNIA
### ORANGE COUNTY – CENTRAL JUSTICE CENTER
### CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
#### Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207
#### Court Local Rules are located at www.occourts.org

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Telephonic Notice to Courtroom the day before the hearing but no later than: | Ex Parte Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other<br>Call for available dates. |
|---|---|---|---|---|---|---|---|
| C12 | MOBERLY<br>657-622-5212 | Friday<br>2:00 p.m. | M, T, W, TH<br>1:30 p.m. | Noon | 3:00 p.m. | Yes<br>4:30 p.m.<br>the day<br>before | If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing. To schedule an ex parte matter the moving party/attorney shall contact the courtroom clerk (657) 622-5212 to reserve a date no later than noon, the day prior to the hearing.<br><br>Motions for Summary Judgment must be reserved with C12 prior to filing by calling( 657)622-5212. |
| C16 | MONROE<br>657-622-5216 | Tuesday<br>2:00 p.m. | T, W, TH,<br>8:30 a.m. | Reservation required by noon | 3:00 p.m. the day prior to the Ex Parte | Yes<br>11:00<br>a.m.. the<br>day of the<br>hearing | If Monday is a holiday, law and motion is heard on Thursday at 2:00 p.m. |
| C23 | MOSS<br>657-622-5223 | Friday<br>10:00 a.m. | Daily<br>8:30 a.m. | Not required | 12:00 p.m. | Yes<br>4:00 p.m.<br>the day<br>before | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7684 or (888) 88-COURT |
| C13 | MUÑOZ<br>657-622-5213 | Thursday<br>2:00 pm | M, T, W, TH<br>8:30 a.m. | Reservation must be made with courtroom day before the hearing by 10:00 a.m. | noon | Yes<br>4:00 p.m.<br>the day<br>before | Parties are required to call the department to check availability of a Motion for Summary Judgment date prior to filing the motion. (657)622-5213 |
| C3 | MYERS<br>657-622-5203 | Thursday<br>Unlimited/<br>Omni 1:30<br>p.m.<br>Limited<br>2:00 p.m. | M, T, W, TH<br>1:30 p.m.<br>Fri 11:00<br>a.m.-<br>emergency<br>only | Reservation required by 12pm on day before the hearing | 3:00 p.m. day before | No | |
| C8 | NAKAMURA<br>657-622-5208 | Thursday<br>2:00 p.m. | M, T, W, TH<br>1:30 p.m. | 24 hours, the day before the hearing | M, T, W, Th,<br>10:00 a.m.<br>day of ex parte | Yes<br>4:00 p.m.<br>the day<br>before | Counsel must reserve a motion date with the courtroom, prior to setting the motion. If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing. |

6/26/12

# SUPERIOR COURT OF CALIFORNIA
### ORANGE COUNTY – CENTRAL JUSTICE CENTER
## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
**Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207**
**Court Local Rules are located at www.occourts.org**

| C26 | LEWIS 657-622-5226 | Monday 10:30 a.m. | T, W, TH, F 8:30 a.m. | 10:00 a.m. | 2:00 p.m | Yes noon Friday before | Late ex parte applications shall not be accepted. Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT |
|---|---|---|---|---|---|---|---|
| **Dept.** | **Judicial Officer** | **Motion Days and Time** | **Ex Parte Days and Time** | **Telephonic Notice to Courtroom the day before the hearing but no later than:** | **Ex Parte Application and Proposed Order presented to the court the day before the hearing** | **Rulings posted on Internet?** | **Other** Call for available dates. |
| C19 | MARGINES 657-622-5219 | Wednesday 1:30 p.m. | Daily 1:30 p.m. | Reservation Required by 10:30 a.m. | But no later than 10am the Day of the Hearing!! | Yes | Notice must be given to opposing party by 10:30 a.m. day before ex parte hearing |
| C7 | MARKS 657-622-5207 | Friday 10:30 a.m. Reservation Required | M,T,W,TH 1:30 p.m. | Reservation must be made with courtroom day before the hearing by noon | 3:00 p.m. | | Motions must be reserved with C-7 prior to filing by calling (657)622-5207 |
| C21 | MCEACHEN 657-622-5221 | Tuesday 1:30 p.m. | Daily 9:00 a.m. | noon day before Ex Parte hearing- Reservation must be made with courtroom prior to hearing being set | 3:00 p.m. | yes | |
| C14 | MILLER 657-622-5214 | Tuesday 1:30 p.m | T, W, TH, F 8:30 a.m. | 9:00 a.m. | 4:00 p.m. day prior to the Ex Parte hearing | Yes noon day of hearing | If Monday is a holiday, law and motion is heard on Thursday at 1:30 p.m. NOTE: for L&M, Dept. C14 requires parties call the dept. to check availability of a motion date prior to filing their motion by calling (657) 622-5214. To schedule an ex parte matter the moving party/attorney shall contact the courtroom clerk  (657) 622-5214 to reserve a date no later than 9:00 a.m., the day prior to the hearing. Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves the right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT |

6/26/12

EXHIBIT "2"

SUM-100



# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Portfolio Recovery Associates, LLC, HSBC Bank USA, NA, Phillips & Cohen Associates, LTD., Does 1 Through 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Maria Virata

<div style="border:1px solid">
FOR COURT USE ONLY<br>
(SOLO PARA USO DE LA CORTE)<br>
<b>FILED</b><br>
SUPERIOR COURT OF CALIFORNIA,<br>
COUNTY OF ORANGE<br>
CENTRAL JUSTICE CENTER<br><br>
JUL 30 2012<br><br>
ALAN CARLSON, Clerk of the Court
</div>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of Orange
700 Civic Center Drive West, Santa Ana, California 92701

**CASE NUMBER:** *(Número del Caso):*
**30-2012**
**00587425**
**JUDGE WILLIAM M. MONROE**
**DEPT. C18**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
The Palmer Firm, P.C., Gregory M. Fitzgerald, SBN 153082, Miruna Mihai, SBN 250696, William J. Campbell, SBN 248729,
11690 Pacific Avenue, Suite 110, Fontana, CA 92337, 909-581-7348

DATE:  **JUL 30 2012**  **ALAN CARLSON** Clerk, by   **MARY JOHNSON** , Deputy
*(Fecha)*                                *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* HSBC Bank USA, NA.

    under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT "3"

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| The Palmer Firm, P.C. William J. Campbell, SBN 248729 11690 Pacific Avenue, Suite 110, Fontana, California 92337 | **FILED** SUPERIOR COURT OF CALIFO... COUNTY OF ORANGE CENTRAL JUSTICE CENTER |

TELEPHONE NO.: 909-581-7348     FAX NO.: 909-581-7534

ATTORNEY FOR *(Name):* Maria Virata

**JUL 30 2012**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange

STREET ADDRESS: 700 Civic Center Drive West

MAILING ADDRESS: Same

CITY AND ZIP CODE: Santa Ana, California 92701

BRANCH NAME:

ALAN CARLSON, Clerk of the Co...

**30-2012**

CASE NAME:
Maria Virata vs. Portfolio Recovery Associates, LLC, et al.

CASE NUMBER:
**00587425**

| CIVIL CASE COVER SHEET | | Complex Case Designation | | JUDGE: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [✓] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | **JUDGE WILLIAM M. MONROE DEPT. C16** |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[✓] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify):*  Nine
5. This case [ ] is [✓] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 07/11/2012

William J. Campbell
*(TYPE OR PRINT NAME)*                          *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]  **CIVIL CASE COVER SHEET**  Page 2 of 2

EXHIBIT "4"

# SUPERIOR COURT OF CALIFORNIA

ORANGE

**700 W. Civic Center DRIVE**

**Santa Ana , CA 92702**

**(657) 622-6878**

**www.occourts.org**

## NOTICE OF CASE ASSIGNMENT

Case Number: **30-2012-00587425-CU-MC-CJC**

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon. William M. Monroe | Central Justice Center | C16 | (657) 622-6878 |
| **Hearing:** | **Date:** | **Time:** | |

| JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon. | | | |

[ x ]  ADR Information attached.

## SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

Individual courtroom information and the items listed below may be found at: www.occourts.org.

Case Information, Court Local Rules, filing fees, forms, Civil Department Calendar Scheduling Chart, Department phone numbers, Complex Civil E-filing, and Road Map to Civil Filings and Hearings.

**Ex Parte Matters**

Rules for Ex Parte Applications can be found in the California Rules of Court, rules 3.1200 through 3.1207 at: www.courtinfo.ca.gov.  Trials that are in progress have priority; therefore, you may be required to wait for your ex parte hearing.

**Noticed Motions**

* The following local Orange County Superior Court rules are listed for your convenience:
    - Rule 307 - Telephonic Appearance Litigants - Call CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.
    - Rule 380 - Fax Filing, Rule 450 - Trial Pre-Conference  (Unlimited Civil)
* All Complex Litigation cases are subject to mandatory Electronic Filing, unless excused by the Court.
* Request to Enter Default and Judgment are strongly encouraged to be filed as a single packet.

**Other Information**

Hearing dates and times can be found on the Civil Department Calendar Scheduling Chart.

All fees and papers must be filed in the Clerk's Office of the Court Location address listed above.

Date: 07/31/2012

Mary M Johnson _____, Deputy Clerk

## NOTICE OF CASE ASSIGNMENT

V3 INIT 100 (June 2004)

EXHIBIT "5"

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS:  700 W. Civic Center DRIVE<br>MAILING ADDRESS: P.O. Box 22014<br>CITY AND ZIP CODE: Santa Ana 92702<br>BRANCH NAME: Central Justice Center | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br><br>Aug 20, 2012<br><br>ALAN CARLSON, Clerk of the Court<br>By: Deanna Parsons, Deputy |
| PLANTIFF:Maria Virata | |
| DEFENDANT:Portfolio Recover Associates, LLC et.al. | |
| Short Title: Virata vs. Portfolio Recover Associates, LLC | |
| **NOTICE OF HEARING** | CASE NUMBER:<br>30-2012-00587425-CU-MC-CJC |

Please take notice that a(n), <u>Case Management Conference</u>  has been scheduled for hearing on <u>10/31/2012</u> at <u>08:30:00 AM</u> in Department <u>C16</u>  of this court, located at <u>Central Justice Center</u> .

Clerk of the Court,  By: _Parsons_____ , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92702

---

**SHORT TITLE:** Virata vs. Portfolio Recover Associates, LLC

---

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>30-2012-00587425-CU-MC-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 08/20/2012. The mailing occurred at Sacramento, California on 08/21/2012.

Clerk of the Court, by: _O Persons_____ , Deputy

THE PALMER LAW FIRM
11690 PACIFIC AVENUE # 100
FONTANA, CA 92337

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 2

Code of Civil Procedure, § CCP1013(a)

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed by Katten Muchin Rosenman LLP in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2029 Century Park East, Suite 2600, Los Angeles, CA 90067-3012.

     On September 10, 2012, I served the foregoing documents described as **NOTICE OF REMOVAL BY HSBC BANK USA, N.A. PURSUANT TO 28 U.S.C. §§ 1441(a) and 1441(c)**, as follows:

| | |
|---|---|
| | by placing the document listed above in sealed envelopes with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth on the attached Service List. |
| x | by placing the document listed above in a sealed Overnite Express envelope and affixing a prepaid airbill and causing the envelope to be delivered to an Overnite Express agent for delivery to the persons at the address listed below. |
| | by facsimile transmission on the interested parties in this action at the fax numbers listed on the attached Service List. I received confirmed transmission reports indicating that the document was successfully transmitted. The transmissions were reported as complete and without error. |
| | by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |

William Campbell
11690 Pacific Avenue, Suite 110
Fontana, CA 92337
(909) 581-7348

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, the envelope would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I further declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

     Executed on September 10, 2012, at Los Angeles, California.

ANN SHIMA

PROOF OF SERVICE
31701896_299999_00995

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV12- 1503 AG (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>Maria Virata | DEFENDANTS<br>Portfolio Recovery Associates, LLC, HSBC Bank USA, N.A., Phillips & Cohen<br>Associates, Ltd., et al. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing<br>yourself, provide same.)<br>The Palmer Firm, P.C.<br>11690 Pacific Avenue, Suite 110<br>Fontana, CA 92337  Telephone: (909) 581-7348 | Attorneys (If Known)<br>Katten Muchin Rosenman LLP<br>Attorney for HSBC Bank USA, N.A.<br>2029 Century Park East, Suite 2600, Los Angeles, CA 90067-3012<br>Phone:(310) 788-4400 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq. Plaintiff alleges wrongful conduct in connection with collection of a debt

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | FORFEITURE / PENALTY | | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 610 Agriculture | | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## SACV12 - 1503 AG (RNBx)

FOR OFFICE USE ONLY:  Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | HSBC Bank USA, N.A. - Virginia |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   9/10/12

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed by Katten Muchin Rosenman LLP in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2029 Century Park East, Suite 2600, Los Angeles, CA 90067-3012.

On September 10, 2012, I served the foregoing documents described as **CIVIL COVER SHEET**, as follows:

|   |   |
|---|---|
|   | by placing the document listed above in sealed envelopes with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth on the attached Service List. |
| x | by placing the document listed above in a sealed Overnite Express envelope and affixing a prepaid airbill and causing the envelope to be delivered to an Overnite Express agent for delivery to the persons at the address listed below. |
|   | by facsimile transmission on the interested parties in this action at the fax numbers listed on the attached Service List. I received confirmed transmission reports indicating that the document was successfully transmitted. The transmissions were reported as complete and without error. |
|   | by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |

William Campbell
11690 Pacific Avenue, Suite 110
Fontana, CA 92337
(909) 581-7348

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, the envelope would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I further declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 10, 2012, at Los Angeles, California.

ANN SHIMA

PROOF OF SERVICE
31701896_299999_00995